IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

May 26, 2010

RE:  WILLIAM OSCAR HARRIS  V.  TROY E. LEVI, ETAL
CA No. 09-2484

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Rueter, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By: _____
LINDA V. JERRY, Deputy Clerk

cc: HARRIS
    BEY
    BLUME

Courtroom Deputy to Judge Joyner

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM OSCAR HARRIS | : | CIVIL ACTION |
| v. | : | |
| TROY E. LEVI, et al. | : | NO. 09-2484 |

## REPORT AND RECOMMENDATION

THOMAS J. RUETER  
United States Magistrate Judge

May 25, 2010

Presently before the court is a pro se petition for a writ of habeas corpus. Petitioner is presently incarcerated at the Federal Correctional Institution in Terre Haute, Indiana. (Doc. Nos. 1 and 19.)[1] For the reasons that follow, the court recommends that the petition be transferred to the United States District Court for the District of New Jersey.

### I. BACKGROUND AND PROCEDURAL HISTORY

Petitioner filed the instant petition on May 13, 2009. By order dated June 30, 2009, the Honorable J. Curtis Joyner ordered Respondents to file a response to the petition noting that petitioner appeared to have asserted that his right to a speedy trial had been violated. (Doc. No. 2.) After some initial missteps by petitioner regarding service of the petition, see Doc. Nos. 5 and 9, Respondents were served and filed a Response on December 11, 2009 addressing the speedy trial issue highlighted by Judge Joyner (Doc. No. 12). On or about January 7, 2010, this court received an letter from petitioner attached to which was an "Affidavit Response to

---

[1] Petitioner also filed a petition for a writ of habeas corpus in the United States District Court for the District of Columbia. That case was transferred to this court and assigned civil action number 09-4409. Civil action number 09-4409 was consolidated with this case and all documents and pleadings bear the docket number 09-2484. (Doc. No. 11.)

Respondent Levi's Reply to the Petition for Habeas Corpus" (the "Affidavit").[2] In the Affidavit, petitioner attempted to restate his habeas claim with greater clarity as follows:

> 1. That, in an effort to provide clarity, affiant has mischaracterized his not being given a <u>pre-transfer hearing</u> as referring to that hearing as a "speedy trial" and consequently does not raise any specter of a "speedy trial act" violation whatsoever.
>
> . . .
>
> 3. That, for further clarity, affiant simply asserts he has been denied due process of law by not been [sic] given a <u>pre-transfer hearing</u> as a result of his arrest on 9 May, 2003 by federal authorities in New Jersey jurisdiction with the assistance of Brigantine New Jersey police personnel.
>
> . . .
>
> 5. That the Uniform Criminal Extradition Act applies both to persons in custody and at liberty.
>
> 6. That, affiant, at the time of arrest, was at liberty in New Jersey jurisdiction and not in the jurisdiction of nor a fugitive from the United States.
>
> 7. That, the court is well aware the Uniform Act establishes procedures for the inter-state transfer of persons against whom criminal charges are outstanding.
>
> 8. That, affiant challenges the legality of his removal from New Jersey jurisdiction to United States jurisdiction without a <u>pre-transfer hearing</u> which denied affiant due process of law in direct contravention of the United States Constitution.

Affidavit (Doc. No. 15) (emphasis in original).

The facts underlying petitioner's conviction, sentence and confinement for contempt are outlined in detail by the Third Circuit Court of Appeals in <u>United States v. Harris</u>, 582 F.3d 512 (3d Cir. 2009). As explained by the Court of Appeals, petitioner considers himself a member of the Al-Moroccan Empire, a group that believes the Uniform Commercial Code can

---

[2] This document was docketed on March 17, 2010 (Doc. No. 15).

2

be utilized to gain access to secret "straw man" bank accounts held by the United States Treasury; petitioner refers to himself as a "Moorish sovereign being." Harris, 582 F.3d at 513.[3] Petitioner's actions relating to these beliefs resulted in indictments of petitioner and several coconspirators on May 6, 2003 on numerous conspiracy and fraud charges arising from the production and distribution of fraudulent financial documents. Id. Following this indictment, petitioner and his coconspirators sent out "bogus financial documents" that purported to create liens and judgments against judges and prosecutors involved in the underlying prosecution. Id. In response, the District Court granted a temporary restraining order, which eventually became a permanent injunction, that prohibited petitioner and his coconspirators from continuing these activities. Id. The fraudulent activities continued. As a result, the District Court held a show-cause hearing on April 13, 2004. The court found petitioner and the coconspirators in contempt and ordered them incarcerated until such time as they agreed in writing to cease sending the false liens and judgments; the court later dropped the requirement that the agreement be in writing. The court granted a five-day period of time to allow for one last opportunity for compliance. Petitioner did not comply and the court ordered that petitioner's confinement for contempt begin on April 27, 2004. Id. at 513-14.

On July 2, 2004, petitioner was convicted on all counts in the underlying criminal proceedings and sentenced to 188-months' imprisonment with that sentence to follow his

---

[3] Petitioner contends in his habeas petition that he, by the name of Oscar El Hari Bey, is a "3rd party intervenor for ens legis [sic] and eo nominee [sic] petitioner in the above captioned matter." (Petition ¶ 1.) Petitioner further asserts that he, by the name Oscar El Hari Bey, "is being held as surety for petitioner and under its name by Respondent." Id. at ¶ 2. In an Affidavit filed on August 14, 2009 (Doc. No. 3), petitioner asserts that, by the name Oscar El Hari Bey, he is a "free sovereign Moor which proof of status is evidenced in Apostille No. A129065 to the United States of America." (Doc. No. 3 ¶ 1.)

confinement for civil contempt. Id. at 514. The Third Circuit Court of Appeals affirmed petitioner's judgment of sentence. United States v. Harris, 271 Fed. Appx. 188 (3d Cir. 2008). By opinion filed September 23, 2009, the Court of Appeals concluded that the contempt order was not rendered moot when the underlying criminal proceedings terminated, and the length of the contempt confinement (five years at that time) did not violate due process. The court noted that, as petitioner admitted, he is able to comply with the injunctive order at any time and, thus, "carries the keys of his prison in his own pocket." Id. at 516-17. The court also noted that petitioner disputed the jurisdiction of the federal courts in numerous ways, "none of which was relevant." Id. at 513 n.1.

## II. PETITIONER'S HABEAS PETITION

In petitioner's instant habeas petition, petitioner alleges that at the time of his arrest he "was at liberty in New Jersey jurisdiction and not in the jurisdiction of nor a fugitive from the United States." (Affidavit ¶ 6.) Petitioner contends that after his indictment on May 6, 2003, and subsequent arrest on May 9, 2003, he was removed from the "New Jersey jurisdiction" to "United States jurisdiction" and housed in "FDC-Philadelphia SHU."[4] Petitioner challenges the legality of his removal from the jurisdiction of the State of New Jersey to "United States jurisdiction" without a pre-transfer hearing. (Affidavit ¶¶ 4, 8.) Petitioner relates that New Jersey police personnel participated with federal authorities in his arrest. Petitioner claims that the New Jersey police officers then transferred petitioner to federal jurisdiction.[5] He asserts that

---

[4] As noted above, petitioner is presently incarcerated at the Federal Correctional Institution in Terre Haute, Indiana.

[5] The allegations made in the habeas petition and the Affidavit are unclear and, at times, confusing. For example, petitioner admits that he has been in federal custody since the

4

he was not given a pre-transfer hearing as required by the due process provisions of the United States Constitution and the Uniform Criminal Extradition Act ("UCEA").[6]

As correctly noted by the Respondents, the instant petition is one raised pursuant to 28 U.S.C. § 2255, which addresses issues raised by prisoners in federal custody. Section 2255(a) provides that a prisoner in federal custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "A § 2255 motion is 'the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution.'" Young v. Yost, 2010 WL 325785, at *2 (3d Cir. Jan. 20, 2010) (quoting Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). See also United States v. Addonizio, 442 U.S. 178, 184 (1979) ("When Congress enacted § 2255 in 1948, it simplified the procedure for making a collateral attack on a final judgment entered in a federal criminal case."). When the remedy under Section 2255 is adequate and effective, petitioner must proceed under that Section and not under 28 U.S.C. § 2241. Petitioner has not shown that he does not have an adequate and effective remedy under Section 2255 for the claim he raises in his petition. See, e.g., United States v. Williams, 615 F.2d 585, 590 (3d Cir. 1980) (claimed violation of Interstate Agreement on Detainers Act may be reviewed by motion under

---

time of his arrest (Affidavit ¶ 4), while at the same time arguing that he was transferred from state to federal custody (Affidavit ¶ 8). However, the court will construe this pro se petition liberally.

[6] This court assumes petitioner means the UCEA as adopted and applied by the State of New Jersey, 2A N.J.S.A. §§ 160-6, et seq. The UCEA provides the process for transferring fugitives from justice in another state found in the State of New Jersey to the demanding state. 2A N.J.S.A. § 160-10. Among other things, the person arrested in the State of New Jersey under the authority of the UCEA, has the right to a pre-transfer hearing in a court of the State of New Jersey. 2A N.J.S.A. § 160-18. The UCEA does not apply to transfers from state to federal jurisdictions.

5

Section 2255); Manuel v. Gillis, 2005 WL 1563507, at *2 (M.D. Pa. July 1, 2005) (prisoner's claim that he was improperly extradited from Pennsylvania to federal court in Virginia is reviewable under Section 2255).

According to 28 U.S.C. § 2255, the District of New Jersey has sole jurisdiction to hear this matter. Petitioner's underlying conviction and sentence were entered by the United States District Court for the District of New Jersey. The same court incarcerated petitioner for civil contempt. Thus, this court cannot entertain petitioner's petition for a writ of habeas corpus. See Ojo v. I.N.S., 106 F.3d 680, 683 (5th Cir. 1997) (District Court lacked jurisdiction to hear habeas corpus petition attacking errors that occurred during or before sentencing where he was sentenced in different jurisdiction). This case, therefore, should be transferred to the District of New Jersey pursuant to 28 U.S.C. § 1406. See Naum v. Brown, 604 F.Supp. 1186, 1188 (E.D. N.Y. 1985) (court transferred habeas corpus petition pursuant to Section 1406 to district where petitioner was convicted and sentenced after finding that it lacked subject matter jurisdiction).

### III. CONCLUSION

For all of the above reasons, the court makes the following:

### RECOMMENDATION

AND NOW, this 25th day of May, 2010, the court respectfully recommends that the petition for a writ of habeas corpus be transferred to the District of New Jersey, and that no certificate of appealability be issued.[7]

---

[7] The certificate of appeal should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Petitioner may file objections to this Report and Recommendation. See Loc. R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

*Thomas J. Rueter*
THOMAS J. RUETER
Chief United States Magistrate Judge

---

El v. Cockrell, 537 U.S. 322, 336 (2003).

7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM OSCAR HARRIS | : | CIVIL ACTION |
| v. | : | |
| TROY E. LEVI, et al. | : | NO. 09-2484 |

## ORDER

AND NOW, this      day of          , 2010, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of Chief Magistrate Judge Thomas J. Rueter, it is hereby

**ORDERED**

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. Pursuant to 28 U.S.C. § 1406, the petition for a writ of habeas corpus is **TRANSFERRED** to the United States District Court for the District of New Jersey; and

3. A certificate of appealability is not granted.

BY THE COURT:

_____
J. CURTIS JOYNER,     J.